# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW BELTON,
      Plaintiff,

v.   Case No. 12-CV-0053

KIMBERLY BETZHOLD, SANDRA BUCHOLZ,
LAGRESAR HANNAH, ROBERTA GAITHER,
DENISE SYMDON, and CHANTELL JEWELL,
      Defendants.

## DECISION AND ORDER

Plaintiff Matthew Belton filed this pro se civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis on claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Defendants have filed a motion for judgment on the pleadings. Plaintiff has filed a motion to amend the complaint and a motion for temporary restraining order/preliminary injunction. I address these motions below.

### I. BACKGROUND

Belton was convicted of second-degree intentional homicide in 1994. Sometime in November 2010 or earlier, Belton was paroled. Because Belton had been convicted of two counts of rape in Illinois, Belton's parole was made subject to the conditions that apply to sex-offender parolees in Wisconsin. Among those conditions are the two that Belton challenges in the present lawsuit: (1) that he not attend any religious services without prior approval of his parole agent, and (2) that he not act in any position of authority in a religious organization. According to the defendants, these are standard conditions for sex-

offender parolees and are designed to ensure that sex offenders do not use religious environments, which tend to be very trusting environments, to find new victims.

In July 2011, Belton's parole was revoked, and Belton commenced the present lawsuit while he was confined following his parole revocation. However, on August 24, 2012, Belton was once against released on parole, and so he is presently subject to the same conditions regarding attending religious services and serving in a position of authority in a religious organization. Belton contends that these conditions violate the Free Exercise Clause. In my screening order in this case, I decided that Belton had also stated a claim under RLUIPA.

## II. DISCUSSION

In their motion for judgment on the pleadings, the defendants argue that Belton's § 1983 claims must be dismissed without prejudice because plaintiff is challenging conditions of his parole and thus can obtain relief only through a petition for writ of habeas corpus. I agree. Under the law of the Seventh Circuit, a plaintiff seeking relief from restrictions imposed by his parole must proceed under 28 U.S.C. § 2254 rather than 42 U.S.C. § 1983. Williams v. Wisconsin, 336 F.3d 576, 579–80 (7th Cir. 2003); Drollinger v. Milligan, 552 F.2d 1220, 1224–25 (7th Cir. 1977). Therefore, plaintiff's § 1983 claims will be dismissed without prejudice to their being re-filed in the form of a habeas petition.

As for plaintiff's RLUIPA claim, defendants argue that it must be dismissed because RLUIPA does not apply to parolees. Again, I agree. RLUIPA prohibits governments from imposing a substantial burden on the religious exercise of a person "residing in or confined to an institution, as defined in section 1997 of this title." 42 U.S.C. § 2000cc-1. Because Belton is on parole and residing in the community, he is not presently "residing in" or

2

"confined to" any "institution." Therefore, Belton's RLUIPA claim will be dismissed on the merits.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion for judgment on the pleadings is **GRANTED**. Plaintiff's § 1983 claims are dismissed without prejudice, and plaintiff's RLUIPA claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order/preliminary injunction is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail to plaintiff the form for filing a habeas petition under 28 U.S.C. § 2254 and the pro se guide, Habeas Corpus: Answers to State Petitioners' Common Questions.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter final judgment.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge